627 So.2d 449 (1993)
STATE of Alabama ex rel. T.G.
v.
B.L.J.
AV92000144.
Court of Civil Appeals of Alabama.
May 14, 1993.
Rehearing Denied June 25, 1993.
Certiorari Denied September 3, 1993.
William Prendergast and Mary E. Pons, Asst. Attys. Gen., for appellant.
Thomas D. Motley, Dothan, for appellee.
Alabama Supreme Court 1921533.
THIGPEN, Judge.
This paternity case involves the dismissal of a child's petition seeking to establish paternity. The trial court determined that the paternity issue was previously adjudicated in the putative father's favor in a prior proceeding between the mother and the putative father, and that this action was therefore barred by the doctrine of res judicata.
The State of Alabama ex rel. T.G. filed a complaint seeking a paternity adjudication and seeking child support from B.L.J., in the Juvenile Court of Houston County. From a ruling finding him to be T.G.'s father, B.L.J. appealed for a trial de novo in the Circuit Court of Houston County. B.L.J. thereafter filed a motion to dismiss the petition on the grounds that the action was barred by the doctrine of res judicata because the same issue had been determined between the mother and B.L.J. in a prior action. Following ore tenus proceedings, the trial court dismissed the case, holding that the action was barred by the doctrine of res judicata.
In the absence of any evidence that the child was a party to or represented at the prior proceeding, the judgment of the trial court is due to be reversed on the authority of Ex parte Snow, 508 So.2d 266 (Ala.1987), and its progeny. Our Supreme Court has made it abundantly clear that the doctrine of res judicata does not apply to the child's claim by way of the Alabama Uniform Parentage Act, Ala.Code 1975, § 26-17-1 et seq., in that the mother and child are not the same parties and are not in privity. Ex parte Snow, supra. Moreover, where a minor child is not a party to a paternity action and is not represented by a guardian ad litem in such an action, the judgment regarding paternity will not be binding on that child. Ex parte Martin, 565 So.2d 1 (Ala.1989).
*450 Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.